UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **JUDGMENT** |
| | ) | No. 5:10-CV-85-FL |
| | ) | |
| YELLOWSTONE PARTNERS, INC. and DENNIS TODD HAGEMANN, | ) ) ) | |
| Defendants. | ) ) | |

**Decision by Court.**

This action came before the Honorable Louise W. Flanagan, Chief United States District Judge, for consideration plaintiff's motion for entry of default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and for permanent injunctive relief, civil monetary penalty and ancillary equitable relief.

**IT IS ORDERED, ADJUDGED AND DECREED** that defendants and any of their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with either defendant, including any successor thereof, are PERMANENTLY ENJOINED from:

1. engaging, directly or indirectly in conduct in violation of Section 4b(a) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 6b(a), or Section 4O(1) of the Act, as amended by the CRA, to be codified at 7 U.S.C. § 6O;

2. engaging, directly or indirectly in trading on or subject to the rules of any registered entity, as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29);

3. entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1))("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act as amended, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for their own personal account or for any account in which they have a direct or indirect interest;

4.    having any commodity futures, options or commodity futures, commodity options, and/or forex contracts traded on their behalf;

5.    controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

6.    soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

7.    applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9); and

8.    acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. §3.1(a) (2009)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9).


IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants are ordered to make full restitution to every person or entity whose funds defendants received or caused another person or entity to receive as a result of acts and practices that constituted violations of the Act, in the amount of $827,779.00. Defendants shall be jointly and severally liable for this obligation, and interest shall accrue as of the date of judgment in the amount set forth by 28 U.S.C. § 1961.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants are ordered to rescind any and all contracts and agreements, whether implied or express, entered into between them and any of the participants whose funds were received by them as a result of the acts and practices which constituted violations of the Act.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the court imposes a penalty of $827,779.00. Defendants are jointly and severally liable for this sum, and interest shall accrue as of the date of judgment in the amount set forth by 28 U.S.C. § 1961.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Commission's request for costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2) is allowed.

**This Judgment Filed and Entered on March 7, 2011, and Copies To:**

Jason A. Mahoney (via CM/ECF Notice of Electronic Filing)

John W. Dunfee (via CM/ECF Notice of Electronic Filing)

Dennis Todd Hagemann and Yellowstone Partners, Inc. (via U.S. Mail)

      4715 Cardinal Grove Boulevard, Raleigh, NC 27616 and

      Wake County Detention Center, 3301 Hammond Road, Raleigh, NC 27603


March 7, 2011                     DENNIS P. IAVARONE, CLERK

                                  /s/ Christa N. Baker

                           (By) Christa N. Baker, Deputy Clerk