IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-85-FL

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) YELLOWSTONE PARTNERS, INC. ) and DENNIS TODD HAGEMANN, ) ) Defendants. ) | ORDER |

This matter comes before the court on the fourth interim report (DE # 68), sixth interim application for fees (DE # 64), and seventh interim application for fees (DE # 69) filed by L. Bruce McDaniel, the receiver of defendants' assets. The court finds the receiver's fourth interim report to be satisfactory and will allow his applications for fees.

## BACKGROUND

On March 9, 2010, plaintiff filed complaint with this court seeking to restrain defendants from violating the Commodity Exchange Act ("the Act"), 7 U.S.C. § 1 et seq., as amended. On March 10, 2010, the court ordered statutory preliminary injunctive relief to prohibit dissipation of assets. After defendants failed to appear, the court entered default judgment, permanently enjoining defendants from further violating the Act and awarding a substantial civil monetary penalty as well as ancillary equitable relief.

On March 31, 2011, upon motion of plaintiff, the court appointed Mr. McDaniel as temporary receiver of defendants' assets. Among other things, the court directed the receiver to

assume full control of defendants' business affairs, to take possession of the funds and other assets in defendants' control, to collect money owed to defendants, and to engage the services of any professional or specialist deemed advisable or necessary to perform his duties.

The receiver filed his first interim report on May 13, 2011, in which he detailed steps taken to fulfill his obligations as receiver. By order entered June 16, 2011, as amended by later order entered June 20, 2011, the court allowed the receiver's first application for professional fees in the amount of $7,045.00, and costs in the amount of $249.29. .

The receiver filed his second interim report on July 18, 2011. By order entered August 10, 2011, the court allowed in part the receiver's second and third applications for fees. For services rendered between May 11, 2011, and July 10, 2011, the court allowed receiver $9,960.00 in professional fees and $212.51 in expenses. The court also increased the cap on professional fees to ten percent (10%) of receipts and disbursements.

On September 18, 2011, the received filed his third interim report. By order entered September 30, 2011, the court allowed the receiver's fourth and fifth applications for fees. For services rendered between July 11, 2011 and September 10, 2011, the court allowed receiver $4,585.00 in professional fees and $15.21 in expenses.

### DISCUSSION

A.   Fourth Interim Receivership Report and Plan

The receiver's fourth interim report indicates that he sold the receivership's 2005 Aston Martin, pursuant to order dated October 19, 2011. As a result, the receiver has deposited $42,000.00 in the receivership fiduciary account. The court commends the receiver for his efforts.

The receiver informs of continuing difficulty in determining ownership of, valuing, and

2

selling receivership real estate in Pamlico and Beaufort Counties, North Carolina. The receiver is pursuing various dispositions of the property in an effort to avoid costly litigation. Where the court would benefit from additional information regarding this property and the receiver's efforts with respect thereto, the receiver is DIRECTED to include in his next supplemental receivership report and plan an update detailing: (1) expected income from sale of said property; (2) expected costs of sale; (3) progress of any settlement attempts; and (4) thoughts the receiver may have on how to best dispose of the property.

The receiver's progress thus far is satisfactory, but once again the court is concerned that the receivership and accounting fees estimated by the receiver will outpace the cap on such fees imposed by the court, and will significantly reduce the amount available to the victims of defendants' fraud. Where the court would benefit from additional information, the receiver is DIRECTED to provide in his next supplemental receivership report an accounting of receivership income and expenses. The receiver should clarify how he reached the current receivership value of $262,827.77. As before, the receiver is directed to file the supplemental receivership report and plan within thirty (30) days of date of entry of this order.

B. Sixth and Seventh Interim Applications for Fees

In his sixth interim application, the receiver requests $1,085.00 in professional fees and $4.78 for expenses. In his seventh application, he requests $1,210.00 in professional fees and $7.78 for expenses. All told, these professional fees amount to $2,295.00, with expenses totaling $12.56, covering work performed from September 11, 2011, through November 10, 2011. The receiver calculated his fees based upon 4.6 hours of attorney services at $300.00 an hour, 9 hours of receiver services at $100.00 per hour, and .3 hours of paralegal services at $50.00 an hour. The expenses

3

relate to photocopying and postage charges.

The court, in its initial order appointing the receiver, imposed a cap on fees in the amount of five percent (5%) upon receipts and disbursements. In order dated August 10, 2011, the court increased the cap to ten percent (10%) upon receipts and disbursements. But even the new cap may not be sufficient according to the receiver's current estimates. The court is not inclined to increase the cap again at this time. The receiver's diligent administration of the estate is appreciated, but the focus of this court must be on maximizing the disbursements to the victims of defendants' fraud.

The court awards the requested $2,295.00 in professional fees and $12.56 in expenses. These amounts are reasonable under the factors set forth by Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978). Adding these amounts to what has previously been allowed by the court, the receiver's total compensation to date has been $23,885.00, with additional costs and expenses in the amount of $489.57.

## CONCLUSION

For the reasons set forth above, the receiver's sixth (DE# 64) and seventh (DE# 69) applications for fees are ALLOWED. For services rendered between September 11, 2011, and November 10, 2011, the receiver is ALLOWED $2,295.00 in professional fees and $12.56 in expenses. The receiver further is DIRECTED to provide a fifth interim receivership report and plan, and to include therein the specific information outlined above, within thirty (30) days of date of entry of this order.

SO ORDERED, this the 14th day of December, 2011.

                                              LOUISE W. FLANAGAN
                                              United States District Judge