IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-85-FL

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> YELLOWSTONE PARTNERS, INC. and DENNIS TODD HAGEMANN, </br></br> Defendants. | ORDER |

This matter comes before the court on the fifth interim report (DE # 74), eighth interim application for fees (DE # 71), and ninth interim application for fees (DE # 73) filed by L. Bruce McDaniel, the receiver of defendants' assets. The court finds the receiver's fifth interim report to be satisfactory and will allow in part his applications for fees.

## BACKGROUND

On March 9, 2010, plaintiff filed complaint with this court seeking to restrain defendants from violating the Commodity Exchange Act ("the Act"), 7 U.S.C. § 1 et seq., as amended. On March 10, 2010, the court ordered statutory preliminary injunctive relief to prohibit dissipation of assets. After defendants failed to appear, the court entered default judgment, permanently enjoining defendants from further violating the Act and awarding a substantial civil monetary penalty as well as ancillary equitable relief.

On March 31, 2011, upon motion of plaintiff, the court appointed Mr. McDaniel as temporary receiver of defendants' assets. Among other things, the court directed the receiver to

assume full control of defendants' business affairs, to take possession of the funds and other assets in defendants' control, to collect money owed to defendants, and to engage the services of any professional or specialist deemed advisable or necessary to perform his duties.

The receiver filed his first interim report on May 13, 2011, in which he detailed steps taken to fulfill his obligations as receiver. By order entered June 16, 2011, as amended by later order entered June 20, 2011, the court allowed the receiver's first application for professional fees in the amount of $7,045.00, and costs in the amount of $249.29.

The receiver filed his second interim report on July 18, 2011. By order entered August 10, 2011, the court allowed in part the receiver's second and third applications for fees. For services rendered between May 11, 2011, and July 10, 2011, the court allowed receiver $9,960.00 in professional fees and $212.51 in expenses. The court also increased the cap on professional fees to ten percent (10%) of receipts and disbursements.

On September 18, 2011, the received filed his third interim report. By order entered September 30, 2011, the court allowed the receiver's fourth and fifth applications for fees. For services rendered between July 11, 2011 and September 10, 2011, the court allowed receiver $4,585.00 in professional fees and $15.21 in expenses.

The receiver's fourth interim report was filed November 7, 2011. The court, by order entered December 15, 2011, granted the receiver's sixth and seventh applications for fees. For services rendered between September 11, 2011 and November 10, 2011, the court allowed the receiver $2,295.00 in professional fees and $12.56 in expenses. The court further directed the receiver to include in his next interim report and plan an update regarding certain real property and an accounting of receivership income and expenses.

2

## DISCUSSION

A.  Fifth Interim Receivership Report and Plan

The receiver informs in his fifth interim report and plan of his efforts to identify, value, and sell receivership real property in Pamlico and Beaufort Counties, North Carolina. The receiver identifies three tracts: Lots 5, 5A, 6, and 9 of Oriental Plantation; Number 2 (2) Township in Pamlico County; and a one-third interest in and to 7.39 acres of a tract in Beaufort County identified as the Credle Heirs property. The receiver has obtained and recorded deeds for each of the three properties and has begun the process of selling or otherwise disposing of the lots.

The court commends the receiver for his diligent work on this property thus far, approves of the course he has set forth in his fifth interim report and encourages him to proceed as planned.

B.  Eighth and Ninth Interim Applications for Fees

In his eighth interim application, the receiver requests $390.00 in professional fees and $3.76 for expenses. In his ninth application, he requests $950.00 for professional fees. In total, the receiver requests $1,340.00 in professional fees and $3.76 in expenses for work performed from November 11, 2011, through January 10, 2012. The receiver calculated his fees based upon 2.5 hours of attorney services at $300.00 an hour, 4.9 hours of receiver services at $100.00 per hour, and 1 hour of paralegal services at $100.00 an hour.[1] However, the paralegal rate as previously established is $50.00 per hour. Accordingly, where the receiver has billed one hour to paralegal services, the appropriate fee is $50.00. This fee, in combination with the attorney and receiver fees, yields total professional fees of $1,290.00.

The court awards the receiver $1,290.00 in professional fees and $3.76 in expenses. These

---

[1] The expenses relate to photocopying and postage charges.

3

amounts are reasonable under the factors set forth by Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978). Adding these amounts to what has previously been allowed by the court, the receiver's total compensation to date has been $25,175.00, with additional costs and expenses in the amount of $493.33.

## CONCLUSION

For the reasons set forth above, the receiver's eighth (DE # 71) and ninth (DE # 73) applications for fees are ALLOWED IN PART, with modification to reflect the established paralegal rate of $50.00 per hour. For services rendered between November 11, 2011, and January 10, 2011, the receiver is ALLOWED $1,290.00 in professional fees and $3.76 in expenses. The court DIRECTS the receiver to file a sixth interim receivership report and plan within thirty (30) days of date of entry of this order.

SO ORDERED, this the 27th day of February, 2012.

LOUISE W. FLANAGAN
United States District Judge

4