IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-85-FL

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, ) ) ) Plaintiff, ) ) ) v. ) ) YELLOWSTONE PARTNERS, INC. ) and DENNIS TODD HAGEMANN, ) ) Defendants. ) | ORDER |

This matter comes before the court on the sixth interim report (DE # 78), tenth interim application for fees (DE # 75), and eleventh interim application for fees (DE # 77) of L. Bruce McDaniel, the receiver of defendants' assets. The court approves the receiver's sixth interim report and will allow his applications for fees.

## BACKGROUND

On March 9, 2010, plaintiff filed complaint with this court seeking to restrain defendants from violating the Commodity Exchange Act ("the Act"), 7 U.S.C. § 1 et seq., as amended. On March 10, 2010, the court ordered statutory preliminary injunctive relief to prohibit dissipation of assets. After defendants failed to appear, the court entered default judgment, permanently enjoining defendants from further violating the Act and awarding a substantial civil monetary penalty as well as ancillary equitable relief.

On March 31, 2011, upon motion of plaintiff, the court appointed Mr. McDaniel as temporary receiver of defendants' assets. Among other things, the court directed the receiver to

assume full control of defendants' business affairs, to take possession of the funds and other assets in defendants' control, to collect money owed to defendants, and to engage the services of any professional or specialist deemed advisable or necessary to perform his duties.

The receiver filed his first interim report on May 13, 2011, in which he detailed steps taken to fulfill his obligations as receiver. By order entered June 16, 2011, as amended by later order entered June 20, 2011, the court allowed the receiver's first application for professional fees in the amount of $7,045.00, and costs in the amount of $249.29.

The receiver filed his second interim report on July 18, 2011. By order entered August 10, 2011, the court allowed in part the receiver's second and third applications for fees. For services rendered between May 11, 2011, and July 10, 2011, the court allowed the receiver $9,960.00 in professional fees and $212.51 in expenses. The court also increased the cap on professional fees to ten percent (10%) of receipts and disbursements.

On September 8, 2011, the receiver filed his third interim report. By order entered September 30, 2011, the court allowed the receiver's fourth and fifth applications for fees. For services rendered between July 11, 2011 and September 10, 2011, the court allowed the receiver $4,585.00 in professional fees and $15.21 in expenses.

The receiver's fourth interim report was filed November 7, 2011. The court, by order entered December 15, 2011, granted the receiver's sixth and seventh applications for fees. For services rendered between September 11, 2011 and November 10, 2011, the court allowed the receiver $2,295.00 in professional fees and $12.56 in expenses. The court further directed the receiver to include in his next interim report and plan an update regarding certain real property and an accounting of receivership income and expenses.

On January 18, 2012, the receiver filed his fifth interim report, discussing therein his efforts to identify, value, and sell receivership real property in Pamlico and Beaufort Counties, North Carolina. The receiver filed his eighth and ninth applications for fees and expenses on December 19, 2011, and January 17, 2012, respectively. By order entered February 28, 2012, the court allowed the receiver $1,290.00 in professional fees and $3.76 in expenses for services rendered between November 11, 2011, and January 10, 2012. The court also directed the receiver to file a sixth interim report.

## DISCUSSION

A.     Sixth Interim Receivership Report and Plan

The receiver informs in his sixth interim report of his continued efforts to sell certain eastern North Carolina real estate.[1] The receiver has signed contracts with a realtor for the sale of the subject real estate, the value of which the realtor estimates is slightly in excess of $100,000.00. Further, the receiver is hopeful that the real estate will be sold in three months.

The receiver's progress thus far is satisfactory, and he is directed to file a supplemental receivership report and plan within thirty (30) days of date of entry of this order.

B.     Tenth and Eleventh Interim Applications for Fees and Expenses

In his tenth interim application for fees and expenses, the receiver requests $420.00 in attorney fees, $290.00 in receiver fees, and $15.00 in paralegal fees.[2] In his eleventh interim application, the receiver requests $180.00 in attorney fees, $80.00 in receiver fees, and $15.00 in

---

[1] The receiver, in his fifth interim report, identifies "three tracts . . . represented by two different deeds, Lots 5, 5A, 6, and 9 of Oriental Plantation, Number 2 (2) Township in Pamlico County, and a one-third interest in and to 7.39 acres of a tract in Beaufort County identified as the Credle Heirs property." Fifth Interim Report 4.

[2] The receiver calculates these fees based upon 1.4 hours of attorney services at $300.00 per hour, 2.9 hours of receiver services at $100.00 per hour, and .30 hours of paralegal services at $50.00 per hour.

3

paralegal fees.[3] In total, the receiver requests $1,000.00 in professional fees for services rendered between January 11, 2012 and March 10, 2012. The receiver does not list any expenses.

The court awards the receiver the requested $1,000.00 in professional fees. The amount is reasonable under the factors set forth by Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), where the receiver has thus far recovered substantial assets for the receivership and will continue to draw upon his experience in his efforts to sell the North Carolina real estate. Adding this amount to what has previously been allowed by the court, the receiver's total compensation for professional fees to date has been $26,175.00, with additional costs in the amount of $493.33.

## CONCLUSION

For the reasons set forth above, the receiver's tenth (DE # 75) and eleventh (DE # 77) applications for fees are ALLOWED. For services rendered between January 11, 2012, and March 10, 2012, the receiver is ALLOWED $1,000.00 in professional fees. The court DIRECTS the receiver to file a seventh interim receivership report and plan within thirty (30) days of date of entry of this order.

SO ORDERED, this the 10th day of April, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[3] The receiver records .6 hours of attorney services, .8 hours of receiver services, and .3 hours of paralegal services.