IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-85-FL

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | ORDER |
| v. | ) ) | |
| YELLOWSTONE PARTNERS, INC. and DENNIS TODD HAGEMANN, | ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on the eighth interim report (DE # 85), fourteenth interim application for fees (DE # 84), and fifteenth interim application for fees (DE # 86) of L. Bruce McDaniel, the receiver of defendants' assets. The court approves the receiver's eighth interim report and will allow his applications for fees.

## BACKGROUND

On March 9, 2010, plaintiff filed complaint with this court seeking to restrain defendants from violating the Commodity Exchange Act ("the Act"), 7 U.S.C. § 1 et seq., as amended. On March 10, 2010, the court ordered statutory preliminary injunctive relief to prohibit dissipation of assets. After defendants failed to appear, the court entered default judgment, permanently enjoining defendants from further violating the Act and awarding a substantial civil monetary penalty as well as ancillary equitable relief.

On March 31, 2011, upon motion of plaintiff, the court appointed Mr. McDaniel as temporary receiver of defendants' assets. Among other things, the court directed the receiver to

assume full control of defendants' business affairs, to take possession of the funds and other assets in defendants' control, to collect money owed to defendants, and to engage the services of any professional or specialist deemed advisable or necessary to perform his duties.

The receiver filed his first interim report on May 13, 2011, in which he detailed steps taken to fulfill his obligations as receiver. By order entered June 16, 2011, as amended by later order entered June 20, 2011, the court allowed the receiver's first application for professional fees in the amount of $7,045.00, and costs in the amount of $249.29.

The receiver filed his second interim report on July 18, 2011. By order entered August 10, 2011, the court allowed in part the receiver's second and third applications for fees. For services rendered between May 11, 2011, and July 10, 2011, the court allowed the receiver $9,960.00 in professional fees and $212.51 in expenses. The court also increased the cap on professional fees to ten percent (10%) of receipts and disbursements.

On September 8, 2011, the receiver filed his third interim report. By order entered September 30, 2011, the court allowed the receiver's fourth and fifth applications for fees. For services rendered between July 11, 2011 and September 10, 2011, the court allowed the receiver $4,585.00 in professional fees and $15.21 in expenses.

The receiver's fourth interim report was filed November 7, 2011. The court, by order entered December 15, 2011, granted the receiver's sixth and seventh applications for fees. For services rendered between September 11, 2011 and November 10, 2011, the court allowed the receiver $2,295.00 in professional fees and $12.56 in expenses. The court further directed the receiver to include in his next interim report and plan an update regarding certain real property and an accounting of receivership income and expenses.

2

On January 18, 2012, the receiver filed his fifth interim report, discussing therein his efforts to identify, value, and sell receivership real property in Pamlico and Beaufort Counties, North Carolina. The receiver filed his eighth and ninth applications for fees and expenses on December 19, 2011, and January 17, 2012, respectively. By order entered February 28, 2012, the court allowed the receiver $1,290.00 in professional fees and $3.76 in expenses for services rendered between November 11, 2011, and January 10, 2012.

The receiver filed his sixth interim report on April 3, 2012, informing therein of continued efforts to sell the eastern North Carolina real estate. By order entered April 11, 2012, the court granted the receiver's tenth and eleventh interim applications for fees, allowing $1,000.00 in professional fees for services rendered between January 11, 2012, and March 10, 2012.

On May 14, 2012, the receiver filed his seventh interim report. By order entered June 8, 2012, the court approved of this report and further granted the receiver's twelfth and thirteenth interim applications for fees, allowing $1,000.00 in professional fees for services rendered between March 11, 2012 and May 10, 2012. In addition, the court directed the receiver to include in his eighth interim report an update of the receipts and disbursements charts included on pages eight and nine of his fifth interim report.

## DISCUSSION

A.  Eighth Interim Receivership Report and Plan

The receiver informs in his eighth interim report that the only ongoing activity in connection with the receivership, other than holding on to liquid bank account assets, is the receiver's effort to

3

Case 5:10-cv-00085-FL   Document 87   Filed 08/07/12   Page 3 of 6

sell certain eastern North Carolina real estate.[1] He has signed contracts with a realtor for the sale of the subject real estate, the value of which the realtor estimates is slightly in excess of $100,000.00. However, the receiver informs that "the sales price for this real estate has had to be reduced in continuing efforts to get the real estate sold." Receiver's Eighth Interim Report 3. The receiver further states that he is hopeful the lots will be sold within two to three months and the estate closed in four to five months.

As directed, the receiver also includes in his eighth interim report charts detailing the receipts and disbursements of the receivership. As of July 6, 2012, the receivership had receipts totaling $305,949.12, disbursements totaling $48,890.18, and a balance of $256,968.84. The receiver has to date received $27,175.00 in professional fees and an additional $493.33 for costs, with total payment in the amount of $27,668.33.

The court again commends the receiver on his progress thus far and approves of his eighth interim report. However, though the court has previously required filing of supplemental interim report within thirty (30) days of entry of order, it now DIRECTS the receiver to file supplemental interim report **within ninety (90) days of entry of this order**. Where the primary remaining duty of the receiver before closing the receivership is to sell certain real property in eastern North Carolina, the court recognizes that monthly updates are neither necessary nor efficient. For instance, the receiver informs in his most recent application for fees that preparation of the eighth interim report required .8 hours' work, which, billed at $300.00 per hour, amounts to $240.00. In an effort to provide a maximum receivership account balance, the court accordingly will require less frequent

---

[1] The receiver, in his fifth interim report, identified "three tracts . . . represented by two different deeds, Lots 5, 5A, 6, and 9 of Oriental Plantation, Number 2 (2) Township in Pamlico County, and a one-third interest in and to 7.39 acres of a tract in Beaufort County identified as the Credle Heirs property." Fifth Interim Report 4.

4

submission of interim reports.

B.  Fourteenth and Fifteenth Interim Applications for Fees and Expenses

In his fourteenth interim application for fees and expenses, the receiver requests $80.00 in receiver fees and $15.00 in paralegal fees.[2] In his fifteenth interim application, the receiver requests $300.00 in attorney fees, $210.00 in receiver fees, and $15.00 in paralegal fees.[3] In total, the receiver requests $620.00 in professional fees for services rendered between May 11, 2012 and July 10, 2012. The receiver does not list any expenses.

The court awards the receiver the requested $620.00 in professional fees. The amount is reasonable under the factors set forth by Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), where the receiver has thus far recovered substantial assets for the receivership and will continue to draw upon his experience in his efforts to sell the North Carolina real estate. Adding this amount to what has previously been allowed by the court, the receiver's total compensation for professional fees to date has been $27,795.00, with additional costs in the amount of $493.33.[4]

## CONCLUSION

For the reasons set forth above, the receiver's fourteenth (DE # 84) and fifteenth (DE # 86) applications for fees are ALLOWED. For services rendered between May 11, 2012, and July 10, 2012, the receiver is ALLOWED $620.00 in professional fees. The court DIRECTS the receiver to file a ninth interim receivership report and plan **within ninety (90) days** of entry of this order.

---

[2] The receiver calculates these fees based upon .8 hours of receiver services at $100.00 per hour and .3 hours of paralegal services at $50.00 per hour.

[3] The receiver records 1.0 hours of attorney services (billed at $300.00 per hour), 2.1 hours of receiver services, and .3 hours of paralegal services.

[4] If the receiver believes these sums to be inaccurate, he shall inform the court as such in his next interim report.

SO ORDERED, this the 6th day of ~~July~~ August, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge

6