IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-85-FL

| U.S. COMMODITY FUTURES TRADING COMMISSION, Plaintiff | ) ) ) ) | ORDER APPROVING MOTION BY RECEIVER TO ESTABLISH PLAN FOR DISPOSITION OF CLAIMS ASSERTED AGAINST RECEIVERSHIP ESTATE |
|---|---|---|
| v. | ) ) ) | |
| YELLOWSTONE PARTNERS, INC. and DENNIS TODD HAGEMANN, Defendants | ) ) ) | |

This matter comes before the court on the unopposed motion of the Receiver, L. Bruce McDaniel, to approve proposed claims procedures for the dispositions of claims against the defendants and the receivership estate and to establish a claims bar date by which all such claims would need to be submitted or would be forever barred.

The motion was unopposed by the parties to this action, Yellowstone Partners, Inc. and Dennis Todd Hagemann, which was initiated by the U.S. Commodity Futures Trading Commission involving those two defendants.

Notice was given to the parties based upon the Certificate of Service to the Receiver's motion for this order, and the court notes that no party, including the U.S. Commodity Futures Trading Commission, has filed any objection to this motion by the Receiver, nor requested a hearing in connection therewith. The court has reviewed this motion and the supporting papers, together with all other papers on file in this action. Being so informed, the court finds that good and sufficient cause exists for the relief requested in the motion and that the procedures,

mechanisms, and deadlines set forth in the motion will assist in the administration and distribution of receivership assets to legitimate claimants, creditors, and/or investors against the receivership estate.

Accordingly, IT IS ORDERED that:

1. The Receiver's motion is GRANTED in all respects;

2. The Receiver is authorized to establish and implement the formal claims procedures more particularly set forth in this order and in the motion;

3. All claims against the defendants and the receivership assets must be submitted to the Receiver under the procedures defined in this motion and by this order no later than 60 days from the date of mailing of the Official Court-Approved Claim Form to claimants, creditors, and/or investors. This date will be known as the "Claims Bar Date," and the requirement to submit claims before the Claims Bar Date is enforceable notwithstanding any otherwise applicable law that could govern the timing of the assertion of a Claim Form (defined below) against the receivership estate. The Claims Bar Date will, under this order, serve as the bar date after which any claimant, creditor, investor, or party in interest shall be estopped from forever asserting claims against the receivership estate;

4. Unless any claimant, creditor, and/or investor has previously furnished all the information required by the Claim Form, with supporting documentation, every claimant, creditor, and/or investor seeking to be returned funds must complete a Claim Form and submit that Claim Form to the Receiver at his address at Post Office Box 58186, Raleigh, North Carolina 27658, pursuant to the instructions more particularly contained in this order and in the Notice. Each Claim Form must be complete, signed under penalty of perjury, and must include appropriate

documentary evidence in support of the claim.  A signed *original* Claim Form is required; fax and electronic copies will not be accepted;

5. Claim Forms must be *actually* received by the Receiver, at the following address, no later than 5:00 p.m., Eastern Standard Time, on the Claims Bar Date:  L. Bruce McDaniel, Receiver, McDaniel & Anderson, L.L.P., Post Office Box 58186, Raleigh, North Carolina 27658.  A Claim Form shall be deemed received only when actually received by the Receiver.  Claim Forms must be completed in English and stated in lawful currency of the United States (to the extent known and determinable). Any claimant, creditor, and/or investor who wishes to receive an acknowledgement that his, her, or its Claim Form has been received by the Receiver must provide an additional copy of the Claim Form and a postage-paid, self-addressed, return envelope;

6. Following the expiration of the Claims Bar Date, based on the Claim Forms and the documentary evidence supporting them, the Receiver will verify the information contained in the Claim Form for each individual claimant, creditor, and/or investor and the amount of money invested by each claimant, creditor, and/or investor;

7. Upon receipt of the Claim Forms and the determination by the Receiver of claimants, creditors, and/or investors entitled to compensation, the Receiver will thereafter file a proposed distribution plan, a copy of which will be sent to all claimants, creditors, and/or investors, whether the claim is approved or disallowed in whole or in part;

8. If any funds cannot be delivered to a claimant, creditor, and/or investor based on the information available in the Claim Forms, or if funds are unclaimed or returned to the

Receiver, the Receiver must hold them for future disposition on further order of this court;

9. These claim procedures shall not impose any liability on the Receiver, the professionals retained by the Receiver, or the receivership estate;

10. Unless otherwise specifically ordered by this court, any claimant, creditor, and/or investor who is required to, but does not, timely file a Claim Form in compliance with the procedures and deadline established by this court:

    a. Is forever barred from participating in the receivership estate and receiving distributions from the Receiver; and

    b. Is no longer entitled to receive further mailings or notices in this case;

11. The Receiver must mail the Notice and the Claim Form to all claimants, creditors, and/or investors for whom the Receiver has been provided complete contact information, and to all defendants or other parties who have appeared of record in this action. However, the Receiver is relieved of any obligation to mail such documents to potential claimants, creditors, and/or investors for which:

    a. There is no complete mailing address; or

    b. The address is known to be inaccurate or defective.

With respect to envelopes that are returned as undeliverable following the mailing of the Notice and Claim Form, the Receiver shall re-mail such envelopes to the forwarding address set forth on such envelopes, if any. The Receiver may also provide the Notice to any other potential claimants, creditors, and/or investors whom the Receiver may be able to contact, but the Receiver is relieved of any affirmative obligation to do so;

4

12. A form of the Claim Form in substantially the form attached to the motion as Exhibit "A" (the "Claim Form") will be utilized; and

13. Following approval of the motion by this court, claimants, creditors, investors, and parties in interest may obtain additional copies of the Notice and Claim Form by contacting the Receiver's office, L. Bruce McDaniel, Receiver, McDaniel & Anderson, L.L.P., Post Office Box 58186, Raleigh, North Carolina 27658, or by telephone at 919-872-3000, and requesting copies for updated information on the claims process.

SO ORDERED, this the 6TH day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge