IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-85-FL

| | | |
|---|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | ORDER APPROVING |
| v. | ) ) | PLAN FOR FINAL DISTRIBUTION TO CLAIMANTS |
| YELLOWSTONE PARTNERS, INC. and DENNIS TODD HAGEMANN, | ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on the unopposed motion of the Receiver, L. Bruce McDaniel, to approve the claims procedure for the payment of final distribution to claimants (DE 131) and upon corrections filed in supplement thereto (DE 132). The motion was unopposed by the parties to this action, Yellowstone Partners, Inc. and Dennis Todd Hagemann, which was initiated by the U.S. Commodity Futures Trading Commission involving those two defendants. The court notes that the motion was served on all claimants who submitted claims against the receivership estate, regardless of the form or bases of any such claims, based upon the Certificate of Service to that motion, and the court notes that no party, including the U.S. Commodity Futures Trading Commission, has filed any objection to this motion by the Receiver, nor requested a hearing in connection therewith.[1]

---

[1] The court notes that the Receiver served a copy of the corrections in supplement to the motion only upon those individual equity investor claimants who were subject of corrections. The court will direct the Receiver to serve a copy of the corrections in supplement to the motion upon all claimants who received service of the original motion.

The court has reviewed this motion and the supporting papers, together with all other papers on file in this action. The court also notes that pursuant to the proposed plan of distribution, that all claimants, being duly served, had or have the right to file objections to the proposed plan of final distribution, as discussed in more detail hereafter. Being so informed, the court finds that good and sufficient cause exists for the relief requested in the motion and that the procedures, mechanisms, and deadlines set forth in the motion will assist in the administration and distribution of receivership assets to legitimate claimants, creditors, and/or investors against the receivership estate.

Accordingly, IT IS ORDERED that:

1. The Receiver's motion is GRANTED in all respects;

2. The Receiver is directed to serve a copy of the corrections in supplement to the motion upon all claimants who received service of the original motion.

3. The Receiver is directed to serve a copy of this order on all claimants served with the motion and the corrections in supplement thereto.

4. The Receiver is authorized to establish and implement the formal claims payment procedures more particularly set forth in this order and in the motion;

5. All claimants having the right to file objections to the proposed plan as set forth in the Receiver's motion, the court further orders that if no objections are filed to the proposed plan of distribution as set forth in the Receiver's motion, that the Receiver make final distributions to claimants on the bases and using the procedures as set forth in the motion of the Receiver, with such checks being mailed within 10 days after the expiration of the 20-day objection period provided to claimants;

6. If any objections are filed with the Receiver against his proposed plan of final distribution,

the Receiver is ordered to submit to the court within 10 days after the expiration of that 20-day objection period notice of all such objections with the amounts and bases of objections involved; the court may thereupon rule upon the objections and if the objections are overruled, order the Receiver to make the final distributions as proposed in his motion for final distribution, or revise and/or adjust the proposed mechanisms and amounts for payment to claimants, as the court deems appropriate, and notify the Receiver accordingly so that the Receiver may comply with the court's orders in these regards;

7. If objections are filed by claimants within the time provided, the court may, in its discretion, order a hearing to consider any such objections, with due notice to the Receiver so that he may give notice of any such hearing promptly to all claimants, regardless of the nature of the claims involved;

8. As previously ordered, if any funds cannot be delivered to a claimant, creditor, and/or investor based on the information available in the Claim Forms, or if funds are unclaimed or returned to the Receiver, the Receiver must hold them for future disposition on further order of this court; and

9. As previously ordered, this plan of distribution shall not impose any liability on the Receiver, the professionals retained by the Receiver, or the receivership estate.

SO ORDERED, this the 5th day of November, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge