IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br>    Plaintiff<br><br>v.<br><br>YELLOWSTONE PARTNERS, INC.<br>and DENNIS TODD HAGEMANN,<br>    Defendants | CIVIL ACTION FILE<br>No. 5:10-CV-85-FL |

RECEIVER'S REVISED FINAL REPORT,
APPLICATION FOR FINAL PAYMENT OF RECEIVERSHIP FEES,
AND MOTION TO CLOSE OUT RECEIVERSHIP CASE

NOW COMES the Receiver, L. Bruce McDaniel, and hereby files this Revised Final Report, Final Application for Receivership Fees, and Motion to Close Out Receivership Case.

IN SUPPORT THEREOF, the Receiver would show the court as follows:

RECEIVER'S REVISED FINAL REPORT

Background Facts

1. On March 9, 2011, the United States Commodity Futures Trading Commission filed a complaint for injunctive relief, civil monetary penalties, and other equitable relief including the appointment of Receiver in the subject proceedings. On March 31, 2011, the court issued an order appointing attorney

L. Bruce McDaniel of Raleigh, North Carolina as Receiver and he continued to function in that capacity to the date hereof.

2. Since his appointment, the Receiver has reconstructed all relevant bank accounts, has identified all rightful claimants, and has liquidated all assets of the receivership estate to cash. The receivership estate is now ready to be closed.

### Investor Claims

3. Pursuant to previous court order, the Receiver established claim procedures and the approval of a claim form, all approved by the court. The precise amount ordered to be distributed to investors, totaling $254,173.39, was duly paid to claimants who made claims against the receivership estate, the precise amount ordered by the court. Those checks were duly issued and all have been cashed or otherwise negotiated, with the result that there now remains in the receivership estate the exact amount of $112.43, the amount roughly estimated by the Receiver to be available after the negotiation of the distribution checks.

### Litigation

4. There has been and as of the date hereof no litigation involving the receivership estate.

## Professional Fees

5.  Other than discussed herein, there are no pending and unpaid legal fees applied to be paid to the Receiver or any other professional.

## APPLICATION FOR FINAL PAYMENT OF RECEIVERSHIP FEES

6.  In view of the foregoing, the Receiver hereby requests that the court enter an order ordering the payment to him of the balance in the receivership estate bank account of $112.43, or such reduced amount as may be available in the event the bank charges several dollars for the Receiver's use of counterchecks in order to make all the distributions previously ordered by the court, in consideration of the Receiver's forbearance of some $590.00, being the shortfall on the Receiver's last application for fees due to the unavailability of receivership estate funds, as well as the subsequent and ongoing work by the Receiver, including the work necessary to close out the receivership estate, close the bank account, handle residual claimant correspondence, and other miscellaneous correspondence, and other similar termination matters involved in the termination of the receivership estate, as well as storing the receivership records for a reasonable amount of time and subsequently disposing of the same.

## MOTION TO CLOSE OUT RECEIVERSHIP CASE

7. In view of the foregoing, the Receiver hereby moves the court to enter an order approving the Receiver's Revised Final Report set forth hereinbefore, ordering the payment of the net amount in the receivership estate bank account of some $112.43 or such lesser amount as may be available in the bank account at that time, in order to close out the bank account, and otherwise terminate the receivership and close the subject case.

8. More specifically, the Receiver requests that the court enter an order that the Receiver retain the receivership records for a reasonable time thereafter and, at his discretion, subsequently abandon and/or destroy all records relating to the receivership estate as the Receiver subsequently deems proper, closing the receivership estate to any further proceedings, absent any good cause shown, and discharging the Receiver from any further services or responsibility to the receivership estate.

This the 24th day of April, 2014.

/s/L. Bruce McDaniel
L. Bruce McDaniel
Receiver for Defendants
N.C. State Bar No. 5025
Post Office Box 58186
Raleigh, North Carolina 27658
Tel: (919) 872-3000
Fax: (919) 790-9273
mcdas@mcdas.com

CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a copy of the foregoing document upon all parties of record by depositing a copy of the same in the custody of the U.S. Postal Service, first class postage prepaid, addressed as follows:

Dennis Todd Hagemann
Inmate No. 1274358
Individually & as President of
Yellowstone Partners, Inc.
Nash Correctional Center
Box 600
Nashville, NC  27856

Mr. Jason Mahoney
U.S. Commodity Futures
   Trading Commission
Three Lafayette Center
Washington, DC  20581

Federal Trade Commission
ATTN:  Gregory A. Ashe
600 Pennsylvania Avenue, N.W.
Room NJ-3158
Washington, D.C.  20580

This the 24th day of April, 2014.

/s/L. Bruce McDaniel
L. Bruce McDaniel
Receiver for Defendants
N.C. State Bar No. 5025
Post Office Box 58186
Raleigh, North Carolina 27658
Tel:  (919) 872-3000
Fax:  (919) 790-9273
mcdas@mcdas.com